# EXHIBIT B

Case 11-50615-gwz    Doc 16-2    Entered 03/10/11 12:08:15    Page 1 of 6

| | |
|---|---|
| 1 | **1520** |
| | DOMINICA C. ANDERSON (SBN: 2988) |
| 2 | LUCAS M. GJOVIG (SBN: 10053) |
| | **DUANE MORRIS LLP** |
| 3 | 100 North City Parkway, Suite 1560 |
| | Las Vegas, NV 89106-4617 |
| 4 | Telephone: (702) 868-2600 |
| | Facsimile: (702) 385-6862 |
| 5 | |
| | NEIL W. BASON (*Pro Hac Vice* Application Pending) |
| 6 | **DUANE MORRIS LLP** |
| | Spear Tower |
| 7 | One Market Plaza, Suite 2200 |
| | San Francisco, CA 94105-1127 |
| 8 | Telephone: (415) 957-3000 |
| | Facsimile: (415) 957-3001 |
| 9 | |
| | Attorneys for: |
| 10 | WBCMT 2006-C27 PLUMAS STREET, LLC |

### IN THE SECOND JUDICIAL DISTRICT COURT OF
### THE STATE OF NEVADA IN AND FOR THE
### COUNTY OF WASHOE

| | |
|---|---|
| WBCMT 2006-C27 PLUMAS STREET, LLC, a Nevada Limited Liability Company, | CASE NO.: |
| | DEPT. NO.: |
| Plaintiff, | |
| vs. | |
| TEE INVESTMENT COMPANY, LIMITED PARTNERSHIP, a Nevada limited partnership; and DOES 1 through 50, inclusive, | |
| Defendants. | |

**DECLARATION OF MAIJA MERCER
IN SUPPORT OF *EX PARTE EMERGENCY* APPLICATION BY
PLAINTIFF WBCMT 2006-C27 PLUMAS STREET, LLC FOR:
(1) ORDER APPOINTING RECEIVER;
(2) ORDER TO SHOW CAUSE RE: APPOINTMENT OF RECEIVER; AND
(3) PRELIMINARY INJUNCTION**

DUANE MORRIS LLP
LAS VEGAS

DM3\1365055.3 R1501/00047

1

DECLARATION OF MAIJA MERCER IN SUPPORT OF *EX PARTE* APPLICATION

I, MAIJA MERCER, declare:

1. I am not less than eighteen (18) years of age. The facts set forth in this declaration are true of my own personal knowledge, except for those matters stated upon information and belief, and as to those matters, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters set forth in this declaration.

2. I am the regional manager of Holland Residential, LLC ("Holland Residential"), a residential management company. Since approximately March 4, 2010, Holland Residential has been operating the property known as Lakeridge Apartments East at 6002 through 6080 Plumas Street, City of Reno, Washoe County, Nevada ("Lakeridge East").

3. Lakeridge East is part of the same master plan community as Lakeridge Apartments West at 6155 Plumas Street, City of Reno, Washoe County, Nevada ("Lakeridge West"). I am informed and believe that the above-captioned action involves Lakeridge West.

4. I am informed and believe that Nathan L. Topol ("Nathan Topol"), who is the principal of the former owner and manager of Lakeridge East, is also the principal of the owner and manager of Lakeridge West.

5. Holland Residential was put in place as property manager without the consent of the former owner of Lakeridge East, in connection with what I am informed and believe is a non-judicial foreclosure and litigation by Bank Of America against Nathan L. Topol, Nathan L. Topol Group, Bryon Topol, Club Lakeridge, Inc., Lakeridge Tennis Club, Inc. ("Tennis Club"), Club Lakeridge Management Company, Eastside Investment Company, and LP, Hillcrest Investment Company, LP (Case Nos. CV 09-03714 and CV 10-00883) (the "Bank of America Proceedings"). I am informed and believe that the Lakeridge East property has been transferred to a new owner as a result of the Bank of America Proceedings.

6. While managing Lakeridge East, Holland Residential has encountered several problems with its former owner and with the other defendants in the Bank of America Proceedings, all of which have affected Holland Residential's ability to manage Lakeridge East, as follows:

    a. The former property manager of Lakeridge East (Topol Group), which is the

current property manager for Lakeridge West, has failed, despite repeated requests, to turn over the occupied <u>unit keys</u> for Lakeridge East. Topol Group has also failed, despite repeated requests, to turn over the <u>master keys</u>, which I am informed and believe are the same for both Lakeridge East and Lakeridge West. As a result, Holland Residential has been forced to re-key all of the Lakeridge East units at a cost of approximately $14,250.

b. The former owner of Lakeridge East has failed to turn over to Holland Residential the rental income described below.

c. Shortly before March 4, 2010, when Holland Residential took over management of Lakeridge East, the former owner of Lakeridge East, operating through its management including Nathan Topol, offered incentives to tenants who paid their rent for March prior to March 3, 2010. Those incentives included free dinners and gift certificates at the Tennis Club. This rental income has not been turned over to Holland Residential.

d. On March 4 and 5, 2010, after Holland Residential had taken over property management by Order of this Court, the former owner of Lakeridge East, operating through its management including Nathan Topol, collected rental income from a number of tenants in person. This rental income has not been turned over to Holland Residential.

e. The former owner of Lakeridge East, operating through its management including Nathan Topol, refused to cancel automatic bank account debits or credit card payments and as a result it collected rental payments from a number of tenants for March, 2010. This rental income has not been turned over to Holland Residential. Tenants have complained that they have had to stop payment and redirect their rent payments to Holland Residential.

f. The former owner of Lakeridge East has not provided information as to the number and identity of tenants who made the payments described above. I estimate that the amount of rental income for March 2010 that was neither turned

1  over nor accounted for is approximately $159,000.

g. The former owner of Lakeridge East, or agents at its direction, are in possession of $62,705 in security deposits, as well as $48,775.00 in additional security deposits for last months' rent. The former owner of Lakeridge East has refused to turn over these monies to Holland Residential.

h. The former owner of Lakeridge East, or agents at his direction, defaced and removed the name "Lakeridge" from the signs posted on the Lakeridge East property.

i. The office staff for Lakeridge East and Byron Topol, from Nathan L. Topol Group, initially refused access to the fitness club to tenants who signed leases after March 3, 2010, despite an easement agreement providing for such access.

j. No supplies, records, computers, office furniture, business machines, maintenance supplies, tools, etc. or the van that was used to provide tours to prospective tenants were present at the Lakeridge East property when Holland Residential took over management. The former owner and management of Lakeridge East asserted that all of these things belonged to Lakeridge West or the Tennis Club.

k. Byron Topol refuses to turn over operating statements from the Lakeridge East property and has represented that the information was co-mingled with similar information for Lakeridge West and cannot be separated.

l. The utilities for Lakeridge East and Lakeridge West have also been co-mingled with the Tennis Club and with the "time-share" condos as these properties. Byron Topol stated that the utility company could not separate the billing of the utilities for these properties.

m. The Tennis Club initially denied access to the tenants of Lakeridge East, despite an easement agreement providing for such access. Tenants and prospective tenants informed me that they were terminating their leases or not entering into leases because of this denial of access.

7. As a result of the matters described above, Holland Residential has encountered

DUANE MORRIS LLP
LAS VEGAS

DM3\1365055.3 R1501/00047

4

DECLARATION OF MAIJA MERCER IN SUPPORT OF EX PARTE APPLICATION

difficulties renting new units to potential tenants of Lakeshore East.

8. In my professional judgment, the problems encountered by Holland Residential in connection with Lakeshore East are likely to be encountered in connection with Lakeshore West, including refusal to turn over rents.

9. I make this declaration in support of the application for a receiver for Lakeshore West, and injunctive relief, that I am informed and believe is being filed by Plaintiff WBCMT 2006-C27 Plumas Street, LLC.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. This declaration was executed at Vancouver, Washington on May 3, 2010.

_____
Maija Mercer