ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

Counsel for Debtor

*ELECTRONICALLY FILED*
*September 28, 2011*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re:<br><br>TEE INVESTMENT COMPANY, a Nevada Limited Partnership, dba LAKERIDGE APARTMENTS,<br><br>　　　　　Debtor.<br>_____/ | Case No. BK-N-11-50615-BTB<br><br>Chapter 11<br><br>**REPLY TO OBJECTION OF SECURED CREDITOR WBCMT 2006-C27 PLUMAS STREET, LLC TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**<br><br>Hearing Date: September 30, 2011<br>Hearing Time:　10:00 a.m. |

　　　Debtor, TEE INVESTMENT COMPANY, a Nevada Limited Partnership, dba LAKERIDGE APARTMENTS ("Tee"), by and through its counsel, Alan R. Smith, Esq., of the Law Offices of Alan R. Smith, hereby replies to WBCMT 2006-C27 Plumas Street, LLC's ("WBCMT") Objection Of Secured Creditor WBCMT 2006-C27 Plumas Street, LLC To Debtor's First Amended Disclosure Statement (the "Objection") as follows:

　　　**1.　Disclosures Regarding The Use Agreement.**

　　　In response to the WBCMT first objection filed on July 7, 2011, WBCMT complained that the disclosure statement did not identify potential claims against insiders. In response to that objection, the Debtor has now disclosed the potential claim against Nathan Topol in Section 4, on page 7. Footnote 4 on page 7 indicates the total amount received by Nathan Topol during the year prior to filing the petition, and the total amount paid back by Nathan Topol. It is not possible for the Debtor to identify with more

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Tee Investment\Plan & DS\Reply Obj DS (2) 092811-dlg.wpd

1  specificity the likelihood of recovering such funds from Mr. Topol.  Mr. Topol is
2  represented by separate counsel, and information concerning his personal situation is
3  difficult to obtain.  However, the Debtor has been informed Mr. Topol has recently
4  suffered a judgment against him in the approximate amount of $4,000,000.00.  WBCMT
5  also seeks information as to why Mr. Topol received the funds, why he paid funds to the
6  estate, and how all sums relate to his unsecured claim.  Those disclosures are not necessary
7  for an investor to make an informed decision about the plan.  WBCMT also requests an
8  expanded discussion of possible claims against Mr. Topol.  Debtor is uncertain exactly
9  what is requested by WBCMT.  Debtor understands that the payments to Mr. Topol are
10 likely on account of his unsecured claim against the Debtor, and that there is a strong
11 possibility that such claims are preferential.  No further expanded discussion of this matter
12 is really necessary.  The problem with the claim against Mr. Topol is the likelihood of
13 collection.

**2.     Further Disclosures Regarding Use Agreement**

15            The WBCMT original objection claimed that the Use Agreement was not
16 identified as an executory contract or whether the Debtor intends to assume the Use
17 Agreement.  In response, consistent with Debtor's representation to the Court, the Debtor
18 has attached a copy of the current Use Agreement (*see* Exhibit "A" to Amended
19 Disclosure Statement), and specifically provides that all executory contracts are assumed.
20 *See* Section 8.3 of Amended Disclosure Statement.  WBCMT requests an explanation of
21 the "current state" of the Use Agreement, any relevant history, or any plans between the
22 Debtor and Tennis Club.  Debtor is uncertain what "current state" means - the Use
23 Agreement is in effect, and a copy is attached.  Furthermore, the Debtor is uncertain what
24 "relevant history" means.  The Use Agreement has been in place for some time, and was
25 modified on the date set forth therein.  The Tennis Club has asserted a claim against the
26 Debtor, as identified in the Amended Disclosure Statement.  The remainder of the
27 disclosures requests by WBCMT really relate to the Debtor's plan.
28 ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Tee Investment\Plan & DS\Reply Obj DS (2) 092811-dlg.wpd        - 2 -

### 3. Disclosure Of Ownership Of The Debtor.

The Debtor recently discovered the "First Amendment To Restated Limited Partnership Agreement For Tee Investment Company, Limited Partnership" (the "Amendment"). The Amendment was entered into on April 29, 2006, just prior to WBCMT and Debtor's loan closing at the request of the lender. The Amendment removes Nathan and Virginia Topol Trust of April 1, 1985 as the General Partner of Tee Investment Company and names Nathan L. Topol as the new General Partner. Mr. Topol remains as the General Partner to the present time. He holds 98% interest. The Limited Partners, Nathan L. Topol and Virginia Topol hold the remaining 2% interest. WBCMT is therefore correct that Nathan L. Topol is the General Partner of the Debtor. The Debtor will amend its First Amended Disclosure Statement to reflect the true ownership of the Debtor.

### 4. Plan Confirmation Issues.

The remaining objections in the WBCMT second Objection relate to plan confirmation. As the Court indicated at the previous hearing, it would not consider a plan confirmation issue at the hearing on the disclosure statement. The Court indicated that the plan was not patently unconfirmable. Now, WBCMT yet again raises the same confirmation issues as before and additional confirmation issues. The previous confirmation issues were already addressed by the Court on July 21, 2011. Perhaps if WBCMT had appeared at the prior hearing on July 21, 2011, it could have argued these issues. However, that opportunity is now lost, and the Court has ruled on the matter. The continued hearing was not for the purposes of allowing WBCMT another shot at attempting to demonstrate that the Debtor's plan is unconfirmable on its face. Accordingly, the Debtor is not responding to the plan confirmation issues, but will address those in connection with the plan confirmation hearing.

### 5. The Debtor Has Ordered Its Appraisal.

Pursuant to the comments of the Court at the hearing on July 21, 2011, the Debtor has ordered an appraisal of the property. The Debtor anticipates that the appraisal report

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Tee Investment\Plan & DS\Reply Obj DS (2) 092811-dlg.wpd      - 3 -

1  will be done prior to October 30, 2011.

2  **6.     Conclusion.**

3  The Debtor has made all the corrections to the disclosure statement consistent with
4  the representations it made on July 21, 2011.  WBCMT should not be allowed yet another
5  opportunity to object to the Debtor's disclosure statement, as the purpose of the September
6  30, 2011 hearing was only to assure that the Debtor had made the corrections as previously
7  represented.  Furthermore, the purpose of the September 30, 2011 hearing was not to allow
8  WBCMT to yet again argue that the Debtor's plan is patently unconfirmable, or to make
9  up for the fact that it failed to appear at the previous hearing.  It is respectfully submitted
10 that the Debtor's First Amended Disclosure Statement should be approved.

11 **DATED** this 28th day of September, 2011.

                                        LAW OFFICES OF ALAN R. SMITH

                                        By:    */s/ Alan R. Smith*
                                               ALAN R. SMITH, ESQ.
                                               Attorney for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Tee Investment\Plan & DS\Reply Obj DS (2) 092811-dlg.wpd       - 4 -